## Fink *v.* Smith, Appellant.

*Negligence—Railroads—Crossings—Stop, look and listen—Case for jury.*

In an action against a railroad company to recover damages for personal injuries the questions of defendant's negligence and plaintiff's contributory negligence are for the jury where it appears from the plaintiff's testimony that on approaching a railroad crossing on a dark night he stopped, looked and listened at a point 15 feet from the track, from which he could see more than 400 feet in the direction from which the train afterwards approached, and that hearing and seeing no train he then proceeded, walking at an ordinary gait toward the track, and was struck by defendant's switching train, and where the evidence as to whether the train was properly lighted, and whether a warning was given, is conflicting.

Argued May 3, 1915. Appeal, No. 187, Jan. T., 1915, by defendant, from judgment of C. P. McKean Co., Oct. T., 1913, No. 21, on verdict for plaintiff in case of James Fink v. Frank Sullivan Smith, as Receiver of The Pitts-

burgh, Shawmut & Northern Railroad Company. Be-
fore BROWN, C. J., MESTREZAT, ELKIN, STEWART and
FRAZER, JJ. Affirmed.

Trespass to recover damages for personal injuries.
Before BOUTON, P. J.

It appears from the record that the accident in which
the plaintiff suffered the injuries complained of occurred
where Harrison street, a public street in the Village of
Hazelhurst, was crossed by tracks of The Pittsburgh,
Shawmut & Northern Railroad Company at grade. At
the time of the accident, which was about 7 : 30 o'clock
on the evening of January 16, 1912, the railroad com-
pany's employees were switching across the Harrison
street crossing. Plaintiff testified that he approached
the tracks, stopped at a point about 15 feet from the
rail, beside the station of the company, and looked and
listened. At this point his view to the west was unob-
structed for several hundred feet, but the view to the
east was entirely cut off by the depot. After stopping he
proceeded and was struck by a switching train backing
from the west. The evidence as to lights on the train
and the sounding of warning signals was conflicting.
There was no safety gates or watchman at the crossing.

Verdict for the plaintiff for $3,452, and judgment
thereon. Defendant appealed.

*Error assigned,* among others, was in refusing binding
instructions for the defendant.

The tenth assignment referred to in the opinion of the
Supreme Court was to the following portion of the
charge:

"The evidence of the trainmen is that the bell was
ringing, just how, what volume of sound was coming
from that bell, just how loud it was, just with what fre-
quency it was ringing is not in evidence at all, simply
tell you the train bell was ringing, was it loud enough

to give warning to Fink, but they say the bell was ringing."

John G. Johnson and Edwin E. Tait, with them Edgar W. Tait, for appellant.

J. E. Mullin, with him F. J. Woods, for appellee.

PER CURIAM, May 17, 1915:

The negligence of the defendant and the contributory negligence of the plaintiff were, under all the evidence, questions for the jury, and no reversible error is discoverable in the submission of those questions to them. While that portion of the charge which is the subject of the tenth assignment is not approved, it does not call for a retrial of the case.

Judgment affirmed.